IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **DEBBIE GREENWELL,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | Case No.:  7:11-CV-2313-RDP |
| } | |
| **UNIVERSITY OF ALABAMA BOARD** } | |
| **OF TRUSTEES, et al.** } | |
| } | |
| **Defendants.** } | |

### MEMORANDUM OPINION

The court has before it Defendants' motion to dismiss Plaintiff's Complaint (Doc. # 5), which has been fully briefed. (Docs. # 12, 15). Having reviewed these documents and Plaintiff's Complaint (Doc. # 1) in detail, the court concludes that Plaintiff has submitted a "shotgun" pleading and must replead to proceed with this lawsuit.

**I.     DISCUSSION**

After being terminated from her job as the Cheerleader Coach and Director of Cheer teams at the University of Alabama ("UA") on February 2, 2009, Plaintiff filed this lawsuit on June 28, 2011.  Plaintiff has sued the UA Board of Trustees; Mal Moore, the Athletic Director of UA; Dave Hart, the former Assistant Athletic Director of UA; Robert Witt, the President of UA; and seventeen unknown employees, agents, representatives, and/or members of the Board of Trustees as "Does 1 through 17." (Doc. # 1 ¶¶ 2-3).

Plaintiff alleges a slew of claims, but fails to specify which claims are asserted against which Defendants.  Count I of her Complaint contains claims under Title IX and 34 C.F.R. § 100.7.  In Count II, she asserts violations of the Equal Pay Act, the Fair Labor Standards Act of 1938, the Age

Discrimination in Employment Act of 1967, the Rehabilitation Act of 1973[1], the Lilly Ledbetter Fair Pay Act of 2009, and due process under 42 U.S.C. § 1983. (*Id*. ¶¶ 19-25). Additionally in Count III, Plaintiff asserts a defamation claim. (*Id*. ¶¶ 26-27).[2] The gist of Plaintiff's arguments appears to be that she was fired in retaliation for her efforts to attain equitable treatment of her athletes and equitable pay for herself and her assistants; that a portion of her earnings have been wrongfully withheld from her without explanation; and that she has been threatened with criminal prosecution for purported financial wrongdoing, of which she knows nothing about.[3] (*Id*. ¶¶ 1, 18). On all of the Counts, Plaintiff alleges she has suffered lost earnings and benefits, emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, and inconvenience. (*Id*. ¶¶ 22, 25, 27). Plaintiff seeks preliminary and permanent injunctive relief to reinstatement to her former job with all the accompanying benefits. (*Id*. at 14). She also requests monetary damages for lost income and withheld payment. (*Id*. ¶ 1). Moreover, Plaintiff asserts she timely filed a complaint with the EEOC and received a right to sue letter dated April 22, 2011. (*Id*. ¶ 6). She cites "Exhibit A" to support this allegation, but has not attached any exhibit to her Complaint. (*Id*.)

---

[1] Plaintiff provides an incorrect citation for the Rehabilitation Act.

[2] Plaintiff has two paragraphs numbered 27; here, the court cites to both of the paragraphs numbered 27. In all other circumstances, it is self-explanatory as to which paragraph the courts cites to.

[3] Defendants have brought to the court's attention a news article reporting that on the same day Plaintiff initiated this lawsuit, she was indicted by a grand jury in Tuscaloosa on criminal charges of theft of property and ethics violations as a public employee and that on July 1, 2011, she was arrested and released on bond. (Doc. # 5 at 7) (citing Chase Goodbread, *Ex-UA cheer coach charged with theft*, TUSCALOOSA NEWS, http://www.tuscaloosanews.com/article/20110702/NEWS/110709966 (July 2, 2011, 3:30 AM)); *see also* Kevin Scarbinsky, *Ex-Alabama cheerleading coach Debbie Greenwell charged with theft, ethics violations*, BIRMINGHAM NEWS, http://www.al.com/sports/index.ssf/2011/07/former_alabama_cheerleading_co_1.html (July 1, 2011, 5:40 PM). Plaintiff has not addressed whether these events warrant modification of her "threatened with criminal prosecution" claim, but if they do, her new complaint should reflect this.

After a thorough review of Plaintiff's Complaint, the court finds that it is just the type of "shotgun pleading" that the Eleventh Circuit has condemned. *See Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979-980 (11th Cir. 2008). A shotgun pleading is a complaint in which "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). A shotgun pleading "lumps multiple claims together in one count and, moreover, appears to support a specific, discrete claim with allegations that are immaterial to that claim." *See Ledford v. Peeples*, 657 F.3d 1222, 1240 (11th Cir. 2011). "When faced with a [shotgun pleading], in which the counts incorporate by reference all previous allegations and counts, the district court must cull through the allegations, identify the claims, and as to each claim identified, select the allegations that appear to be germane to the claim." *Id*.

As indicated, a review of Plaintiff's Complaint demonstrates that it falls squarely into the Circuit's definition of a shotgun pleading. For instance, in Count II alone, Plaintiff lumps multiple claims together by asserting violations of six statutes and using less than a page to describe all six claims. (Doc. # 1 ¶¶ 23-25). Defendants appear to have had difficulty interpreting Plaintiff's Complaint and even state that "Plaintiff fails to delineate the allegations against the individual UA Administrators thereby interfering with the efficient analysis of whether the UA Administrators are entitled to qualified immunity." (Doc. # 5 at 20). Further, the court notes that several of Defendants' arguments in their Motion to Dismiss have merit. For example, at least at this point, Plaintiff has not alleged sufficient factual allegations showing she can satisfy the elements for several of her claims. Moreover, as correctly noted by Defendants, fictitious-party pleading is generally not

3

permitted in federal court and Plaintiff's Complaint does not invoke the limited exception to this rule. *See Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010).

Plaintiff's Complaint provides a hazy picture of what she is alleging. In particular, Plaintiff's Complaint reads more like a narrative on Plaintiff's life rather than a "short and plain statement" of her claims showing that she is entitled to relief, which is required by Rule 8 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 8. When a "plaintiff asserts multiple claims for relief, a more definite statement, if properly drawn, will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading." *Anderson*, 77 F.3d at 366. The court refuses to waste its time sifting through Plaintiff's Complaint to discern what allegations pertain to which claims. Accordingly, the court exercises its discretion to *sua sponte* strike the Plaintiff's Complaint and instruct Plaintiff's counsel to replead, *i.e.* file a more definite statement. *See Anderson*, 77 F.3d at 367 n.5. Plaintiff is directed to submit an organized, clear complaint in accordance with the Federal Rules of Civil Procedure and to remedy the deficiencies that the court has discussed in this memorandum.

II.     **CONCLUSION**

As outlined above, the court has determined that Plaintiff's Complaint is due to be struck and repleaded in accordance with the Federal Rules of Civil Procedure. Defendants' Motion to Dismiss is due to be denied without prejudice, and may be renewed upon Plaintiff's repleaded complaint. The court will enter a separate order consistent with this memorandum.

**DONE** and **ORDERED** this ____15th____ day of December, 2011.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE